UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AMANDA KERNAHAN, | : | Civil Action No. 12-6984 (PGS) |
| Plaintiff, | : | |
| v. | : | REPORT AND RECOMMENDATION |
| BOROUGH OF RED BANK, et al. | : | |
| Defendants. | : | |

This matter comes before the Court sua sponte based on Plaintiff Amanda Kernahan's ("Plaintiff") failure to comply with certain court orders and otherwise prosecute her case. For the reasons that follow, it is respectfully recommended that Plaintiff's Complaint be dismissed without prejudice.

## I.

"A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." Iseley v. Bitner, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962)). This authority has been further codified in Local Civil Rule 41.1(a), which provides:

> (a) Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit from counsel of record or the unrepresented party. . . .

Ordinarily, in deciding whether to impose an involuntary dismissal, the Court employs a six-factor balancing test. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.

1984).[1] However, where the dismissal is without prejudice, as is recommended below, the Court need not weigh the Poulis factors. Choi v. Kim, 258 F. App'x 413, 416-17, n.5 (3d Cir. 2007) (dismissal without prejudice does not operate as an adjudication on the merits).

## II.

Here, Plaintiff has failed to comply with two Court Orders and has shown no interest in pursuing her case.

Plaintiff filed her Complaint on November 9, 2012. On June 19, 2013, Plaintiff's attorney, Robert F. Varady, Esq., filed a motion to withdraw as counsel for Plaintiff. In his certification, Mr. Varady stated that, as of October 24, 2012, Plaintiff "refuses to communicate or coorperate with either me or personnel from my office." R. Varady Cert. at ¶ 8. Multiple attempts to reach Plaintiff by the Court were likewise unsuccessful. Indeed, Plaintiff failed twice to appear for Court scheduled conferences and similarly failed to respond to Mr. Varady's motion to withdraw.

On July 17, 2013, the Court issued an Order ("the Order") granting Mr. Varady's motion to withdraw [dkt. no. 10]. The Order also provided that Plaintiff was to advise the Court within 30 days whether she intended to retain new counsel or represent herself. The Order further indicated that Plaintiff's case would be dismissed if she did not retain new counsel within the 30-day period. Finally, the Order scheduled a live status conference for August 19, 2013.

On August 19, 2013, the Court conducted the aforementioned live status conference. Counsel for Defendants, Gene J. Anthony, Esq., attended. Plaintiff did not attend. Neither Mr.

---

[1] The factors identified in Poulis are: (1) the extent of the *party* 's personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense. Id. at 868.

2

Anthony nor the Court have had any contact with Plaintiff. Given the above, it is respectfully recommended that Plaintiff's Complaint be dismissed.

### III.

The Court having considered this matter sua sponte, and for the reasons stated herein,

**IT IS** on this 19th day of August, 2013,

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to FED.R.CIV.P. 41(b) and Local Civil Rule 41.1(a).

The Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**